Charles CAMPBELL, et al., Appellant,

v.

**REORGANIZED SCHOOL DISTRICT NUMBER 1, Respondent.**

No. WD 49534.

Missouri Court of Appeals, Western District.

May 23, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1995.

Application to Transfer Denied Sept. 19, 1995.

Janice A. Harder, Hindman, Scott, Goldstein & Harder, P.C., Columbia, for appellant.

Thomas A. Mickes, Celynda L. Brasher, Peper, Martin, Jensen, Maichel and Hetlage, St. Louis, for respondent.

Before ULRICH, P.J., LOWENSTEIN and ELLIS, JJ.

ULRICH, Presiding Judge.

Charles Campbell and eight other school teachers employed by Reorganized School District No. 1 (school district) appeal that portion of the judgment which held that "the extra month provision" of their employment contracts with the school district were not protected by the Teacher Tenure Act, sections 168.102 through 168.130 [1], and thus were not automatically inclusive in successive school year employment contracts between the teachers and the school district. The extra month provision afforded select teachers an extra month of employment and compensation beyond the school year. It provided a mechanism for paying the teachers more money than the district's pay schedule permitted for their services during the scheduled school year. Appellants claim the trial court erred in ruling that the school district had a legal right to unilaterally terminate offering the extra month provision historically extended to select tenured teachers. They contend that support for their position is twofold. The appellant teachers claim that the court's decision violates section 168.106 of the Teacher Tenure Act because the extra month provision was a part of each teacher's tenured contract and was not removable from the contract without the consent of the teacher. Additionally, they claim that the court's judgment contravenes general contract law holding that the intention of the parties governs interpretation and construction of a contract.

The judgment of the trial court is affirmed.

1. All statutory references are to RSMo 1994 unless otherwise noted.

## Facts

The appellants are tenured teachers who have permanent teacher contracts with the school district pursuant to the Teacher Tenure Act. Section 168.106 provides that the contract of employment between the school district and a permanent teacher is an "indefinite contract and shall continue in effect for an indefinite period" subject to several stated provisions. In preceding school years, the teachers received and signed several indefinite contracts for employment in conformity to section 168.106 which included an extra month provision. Once a contract included an extra month of employment, each succeeding contract signed by that teacher included the additional month of employment. For the 1990–91 school year, each teacher signed an indefinite contract with the school district providing for an extra month's pay, or extra one-half month's pay in the case of Nancy Grantham. Pursuant to these contracts, the teachers received ten percent of the base salary for the extra month with the exception that five percent of the base salary for the extra one-half month was paid to Nancy Grantham.

The extra month provision afforded the school district a means to attract and retain well-qualified and desirable teachers by providing a mechanism to award additional compensation to them. Apparently, the extra month of service was provided after the conclusion of a school year (approximately 9 months) and before commencement of the next school year. Although teachers were present on school board property during the extra month of employment, no specific extra duties were required of them. They prepared for the approaching school year by ordering supplies, cleaning and repairing equipment to be used in the classroom, developing curriculum, and assisting with enrollment of students. They also completed additional assignments given to them by administrators while present during the month.

Concerned about the school district's operating deficit of $135,000 and the projected deficit of $253,720 for the 1991–92 school year, Superintendent Walter Mooney, acting in behalf of the district, issued a memorandum on January 4, 1991, to all school staff members informing them of the school district's financial woes and the Board of Education's decision to decrease expenditures during the 1991–92 school year. The district Board of Education, during its meeting on January 7, 1991, decided to eliminate extra month contracts (also called extended or extra duties/time contracts) within the district over a period of two academic years.

Superintendent Mooney issued two other relevant memoranda. On January 17, 1991, he disseminated a memorandum to all school staff members stating that classroom teachers who served as chair persons or curriculum coordinators would continue to receive a $300 allowance for the additional duties. He issued another memorandum on March 16, 1991, to all staff members informing them that extended contracts for all classroom teachers, except those required to serve extended time by the Missouri Department of Elementary and Secondary Education, would be reduced by one-half for the 1991–92 school year and would be eliminated entirely for the 1992–93 school year and for all succeeding school years.

Consequently, proposed contracts to staff members issued by the school district in March of 1991 were in two parts. Tenured teachers received indefinite contracts conforming to the requirements of section 168.108. Select tenured teachers who were to perform extra duties and/or extra months of service received a separate and additional one-year contract specifying compensation for the extra duties and/or extra time they were to provide services. The extra time provision in these separate proposed contracts was reduced by one-half from the proceeding year. The appellants were among the recipients of these proposed separate contracts. Six of the appellants refused to sign the separate extra duties/time contracts presented to them. Two of the appellants signed the separate extra duties/time contracts "under protest." One of the appellants signed the separate extra duty/time contract he received without protest but joined in the suit.

Suit was filed on October 23, 1991, and plaintiffs' first amended petition was filed on May 14, 1992, in four counts. The court

entered judgment on April 29, 1994, in favor of the school district on all counts. Appellants have appealed that portion of the judgment holding that the extended time provisions in the 1990–91 contracts are not protected by the Teacher Tenure Act as part of their permanent indefinite contracts pursuant to section 168.106.

### Standard of Review

As a court-tried case, the judgment of the trial court will be sustained unless no substantial evidence supports it, the judgment is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### Opinion

### I

■ Appellants claim on appeal that the trial court's judgment violated the Teacher Tenure Act because, they argue, the extra month provision was part of each appellant's indefinite contract and could not be removed from the contract without mutual consent of the parties. Under the Teacher Tenure Act, a contract between a school district and a permanent teacher is an indefinite contract and continues for an indefinite period. § 168.106. An indefinite contract can only be modified in two ways. First, a contract between a permanent teacher and a board of education can be modified at any time by the mutual consent of the parties. § 168.112. Secondly, a school district may unilaterally modify an indefinite contract annually on or before the fifteenth day of May in the following particulars:

(1) Determination of the date of beginning and length of the next school year;
(2) Fixing the amount of annual compensation for the following school year as provided by the salary schedule adopted by the board of education applicable to all teachers.

§ 168.110.

The Southern District recently reviewed an issue involving section 168.110 of the Teacher Tenure Act in *Sadler v. Board of Educ.*, 851 S.W.2d 707 (Mo.App.1993). In *Sadler*, a school board unilaterally eliminated from a teacher's contract all payments for extended employment and extra duties from coaching football with a total salary reduction of $10,000. *Id.* at 709. The teacher alleged that the board had violated the Teacher Tenure Act by not complying with section 168.110 in modifying his contract. *Id.* at 710. He argued that every contract between a permanent teacher and a school district, including provisions for extra and extended duties, constituted an indefinite contract that could only be modified as prescribed by section 168.110. *Id.* After considering all of the Act's various provisions, including definitions of "permanent teacher" and "teacher", the court held that the protection of the act only extends to those provisions in teacher contracts that cover teaching duties, being only those duties that require a teaching certificate. *Id.* at 711. The Act, therefore, did not prevent the school board from unilaterally eliminating extra and extended duties and the pay therefor from the teacher's contract. *Id.*

The same analysis is applicable in the instant case. The extra month provision provided a means to pay teachers a salary over and above the district's pay schedule. It rewarded select outstanding teachers in the school district with extra compensation for their services during the school year without requiring any stated extra duties. It was a mechanism to attract well-qualified teachers into the district and to retain certain teachers who demonstrated unusual proficiency. The extra month provision was not, however, compensation for the performance of additional teaching duties. The teachers testified at trial that during the extra month they ordered supplies, prepared their rooms for the ensuing school year, put up bulletin boards and painted signs. They argue that these tasks were performed in preparation for teaching classes and thus became a part of their teaching duties. While the activities are related to teaching, they are not attendant to teaching students. The education of children and not these activities require a teaching certificate. The appellants did not teach students during the extra month, and they were not hired to do so. The Teacher Tenure Act, therefore, does not protect the

extra month provision; and the school district was not precluded by section 168.110 from declining to offer the additional month provision to the appellants. To hold otherwise would discourage school districts from rewarding exceptional teachers when economically feasible for fear that the reward would be a permanent part of the teachers' contracts. The trial court did not err in ruling that the school district had a legal right to unilaterally decline to offer the extra month provision.

## II

The appellants also claim that the court's judgment breached general contract law which holds that the intention of the parties governs interpretation and construction of a contract. They argue that the parties intended for the extra month provision to be a permanent part of the teachers' employment contracts and thus could not be removed from the contracts without the consent of the teachers. Appellants are correct that the general law of contracts applies in the construction of teachers' contracts. *Adamick v. Ferguson–Florissant School Dist.*, 483 S.W.2d 629, 631 (Mo.App.1972). The intent of the parties must govern the interpretation and construction of a contract. *Id.*

In the instant case, the school district provided the teachers two separate written documents for the 1991–92 school year. The first was the continuing or tenure contract provided by section 168.106. The second offered contract was the manifestation of the intent expressed by the school district to reduce during the 1991–92 school year the extra month provision which provided additional pay to select teachers. The intent of the school district was apparent for this school year, and it was understood by the teachers as demonstrated by their reluctance or unwillingness to sign the extra month contract. Because the Teacher Tenure Act does not protect the extra month provision, the parties' intent as to whether the indefinite contracts for preceding school years include the additional month employment provision as a protected recurring provision is not applicable. The extra month provision of the teachers' contracts terminated when the new contracts were effected by the parties. The court's judgment did not contravene the general law of contracts.

Points (I) and (II) are denied.

The judgment of the trial court is affirmed.

All concur.